IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TEXAS DATA CO., L.L.C., | § | |
| | § | |
| Relator, | § | Civil Action No. 2:10-cv-00420-DF |
| | § | |
| v. | § | |
| | § | Judge David Folsom |
| THE EVERCARE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**THE EVERCARE COMPANY'S OPPOSED**
**MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

**I.      INTRODUCTION**

Texas Data Co., L.L.C.'s ("Texas Data") *qui tam* Complaint (hereinafter "Complaint")

accuses Defendant The Evercare Company ("Evercare") of violating 35 U.S.C. § 292 by not

removing patent numbers from its Pampers Cruisers on the Go, Pampers Changing Kit, and

Pampers Bibsters Disposable Bibs products after the expiration of certain patents.  This case

should be transferred to the Northern District of Georgia under 28 U.S.C. § 1404(a).

Evercare is a Delaware corporation with its principal place of business in Alpharetta,

Georgia, which is in the Northern District of Georgia.  It has no offices in Texas, nor is it aware

of any relevant witnesses, documents, or other evidence for this lawsuit in Texas.  The

documents relating to the products at issue, the patents at issue, and the creation and distribution

of patent information, are all kept at Evercare's Georgia offices.  Indeed, the only pleaded

connection to this District is that the Plaintiff is a Texas limited liability company with its

principal place of business in Longview, Texas.  (Compl. ¶ 2.)  However, the Plaintiff purports to

bring suit in the representative capacity of a *qui tam* relator, and as such, has no allegation of

personal injury.  Therefore, there are no likely material witnesses or documents located in this District, there is no connection between the alleged wrongful conduct and this District, and no particularized alleged injury occurred in this District (or to anyone located in this District) different in kind or degree than allegedly occurred in any, and every, other part of the United States, including Georgia.  For these reasons, Evercare respectfully requests that the Court grant its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404, and that the action be transferred to the United States District Court for the Northern District of Georgia.[1]

## II.    BACKGROUND

Evercare is a Georgia corporation with its principal place of business in Alpharetta, Georgia.  (Ex. 1, Declaration of David Stover ("Stover Decl.") ¶ 2.)  It has no offices or facilities in Eastern District of Texas.  (Stover Decl. ¶ 4.)

Plaintiff Texas Data is a newly formed company that apparently exists solely to file *qui tam* false patent marking lawsuits.[2]  In its Complaint, filed on October 8, 2010, Plaintiff alleges that it "is a Texas limited liability company, with its principal office in Longview, Texas." (Compl. ¶ 2.)  Plaintiff does not allege personal injury as a result of the alleged false marking.  It does not allege it was confused by the numbers of any expired patents; that it relied in any way on a belief that any unpatented products were patented; or that Plaintiff is a competitor or customer of Evercare.  Instead, Plaintiff has filed this action solely as a *qui tam* relator, purporting to represent the federal government for an injury that the public has allegedly suffered.  (Compl. ¶¶ 11, 14, 44.)  Any decision or action of Evercare relating to the markings at issue in the Complaint occurred in the Northern District of Georgia.  Key witnesses, including third-party witnesses, are located in the Northern District of Georgia or within its subpoena

---

[1]    Evercare has also filed a Motion to Dismiss on Dec. 8, 2010 (CM/ECF Dkt. # 12).

[2]    Original Date of Filing is July 20, 2010.  *See* Exhibit 2, Office of the Secretary of State (Texas) entity record search results letter.

power.  (Stover Decl. ¶ ¶ 8, 9.)  The presence of these witnesses are crucial because a violation

of the false marking statute, 35 U.S.C. § 292, requires that the defendant: (a) "mark[] upon,

affix[] to, or use[] in advertising" (b) an "unpatented article," (c) a word or number that imports

that the article is patented, and (d) "for the purpose of deceiving the public."  35 U.S.C. § 292.

Key witnesses will therefore be those who can testify regarding what patent information was

"marked upon, affixed to, or used in advertising" in connection with the accused Evercare

products; when, why and how that marking was performed; and "the purpose" for the "marking."

All persons with information relevant to these core issues—the likely key witnesses in this

action—are located in the Northern District of Georgia or within its subpoena power.  (Stover

Decl. ¶¶ 8, 9.)  Further, documents that would be relevant to this action are likewise located at

Evercare's headquarters in the Northern District of Georgia.  (Stover Decl. ¶ 7.)  Finally,

Evercare is not aware of any witnesses or evidence located in this District.  (*Id*. ¶ 10.)

## III.   LEGAL STANDARD FOR A MOTION TO TRANSFER VENUE

When no restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391,

controls a plaintiff's choice of venue.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir.

2008) (en banc), *cert. denied*, 129 S. Ct. 1336, 173 L. Ed. 2d 587 (2009).  Corporate defendants,

such as Evercare, often have sufficient contacts to satisfy the requirement of § 1391(c) for most,

if not all, federal venues.  Consequently, the general venue statute "has the effect of nearly

eliminating venue restrictions in suits against corporations."  14D Charles Alan Wright, Arthur

R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3802 (3d ed. 2007).

Congress, however, has tempered the effects of this general venue statute by enacting the venue

transfer statute, 28 U.S.C. § 1404.  Under this statute, district courts have broad discretion to

transfer an action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The Fifth Circuit holds that "[t]he preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue." *Volkswagen of Am.*, 545 F.3d at 312. The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a). *See Norwood v. Kirkpatrick*, 349 U.S. 29, 35 (1955); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). To obtain a new federal venue, the statute requires only that the transfer be "[f]or the convenience of the parties, in the interest of justice." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983); *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (noting the "relaxed standards for transfer").

The appropriate standard for a motion to transfer was established in *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). In that case, the Fifth Circuit noted that "the avoidance of dismissal through § 1404(a) lessens the weight to be given" to the plaintiff's choice of venue and that, consequently, "he who seeks the transfer must show good cause." *Volkswagen of Am.*, 545 F.3d at 315 (quoting *Humble Oil,* 321 F.2d at 56). Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. However, when the movant demonstrates that the transferee venue is clearly more convenient, it has shown good cause and the district court should therefore grant the transfer. *See Volkswagen of Am.*, 545 F.3d at 315; *see also Patent Group, LLC v. King Bros.*, No. 6:10-cv-149, Mins. of Sched. Conf. (E.D. Tex. filed Jan. 6, 2010)

(J. Schneider) (granting a motion to transfer in a patent false marking case)[3]; *Promote Innovation LLC v. Little Kids, Inc.*, No. 2:10-CV-233, Status Conf. Mins. (E.D. Tex. filed Nov. 23, 2010) (J. Ward) (same)[4]; *Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, No. 2:10-CV-109, Status Conf./Mot. Hr'g (E.D. Tex. filed Nov. 23, 2010) (J. Ward) (same).[5]

"Change of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a)." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The Fifth Circuit has adopted the private and public interest factors for determining *forum non conveniens* when deciding a § 1404(a) venue transfer question. *Volkswagen*, 545 F.3d at 314 n.9; *In Re Acer Am.*, 626 F.3d 1252, 1254 (Fed. Cir. 2010) (citing *TS Tech*, 551 F. 3d at 1319). The private interest factors are:

1. the relative ease of access to sources of proof;
2. the availability of compulsory process to secure the attendance of witnesses;
3. the cost of attendance for willing witnesses; and
4. all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.*

The public interest factors are:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized interests decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id*.

---

[3]   *See* Mins. of Sched. Conf.*, Patent Group, LLC v. King Bros.* (E.D. Tex. Jan. 6, 2011), attached as Ex. 3.
[4]   *See* Status Conf. Mins., *Promote Innovation LLC v. Little Kids* (E.D. Tex. Nov. 23, 2010), attached as Ex. 4.
[5]   *See* Status Conf./Mot. Hr'g, *Promote Innovation LLC v. Ortho-McNeil Pharm., LLC* (E.D. Tex. Nov. 23, 2010), attached as Ex. 5.

IV.    **ARGUMENT**

A.    **This Action Could Have Been Brought in the Northern District of Georgia**

Evercare's place of business is in Alpharetta, Georgia. (Stover Decl. ¶ 2.)  The alleged

facts giving rise to this action occurred in Alpharetta, Georgia.  (Compl. ¶¶ 16, 34-39.)

Consequently, this false marking action could have been properly brought in the Northern

District of Georgia.  28 U.S.C. §§ 1391(b); 1395(a).  This affirmatively answers the Fifth

Circuit's "preliminary question" under § 1404(a).  *Volkswagen of Am.*, 545 F.3d at 312.

Evercare now turns to the private interest and public interest factors.

B.    **The Private Interest Factors Favor Transfer**

1.    **The relative ease of access to sources of proof**

This factor weighs in favor of transfer particularly when "all of the documents and

physical evidence relating to the [cause of action] are located in the [transferee district]."

*Volkswagen of Am.*, 545 F.3d at 315.  "That access to some sources of proof presents a lesser

inconvenience now than it might have absent recent developments [in electronic communication]

does not render this factor superfluous."  *Id*. at 316.  Access to these sources of proof can be

broken down into several sub categories.

a.    **The convenience of witnesses favors transfer**

Absent transfer, all the anticipated witnesses, including the key witnesses, would need to

fly from Georgia to Texas.  (Stover Decl. ¶ 9.)  These fact witnesses would be required to

provide testimony on the key issues of how, when, and why the alleged false patent marking was

placed on the products and what Evercare intended in making the alleged marking decisions.

For the products at issue, these fact witnesses include Evercare's employees: Ruth L.

Moore, Evercare's Sales Operations Manager, who has knowledge of patent marking and patent

marking practices; David L. Stover, the Chief Financial Officer for Evercare, who has

knowledge of sales; Richard C. Linden, Creative Director, who has knowledge of knowledge of packaging design; and Jarrod T. Streng, Sr. Director, Marketing, who has knowledge of knowledge of patent marking and patent marking practices.  (Stover Decl. ¶ 8.)  Additional key fact witnesses not employed by Evercare include: (i) persons with knowledge of the Pampers Cruisers on the Go, Pampers Changing Kit, and Pampers Bibsters Disposable Bibs packaging design at The Procter & Gamble Company; and (ii) Luke Snider, the former Engineering Manager at Evercare, a potential witness with knowledge of patent marking for the products at issue.  (*Id.* ¶ 9.)  While Mr. Snider does not live in the Northern District of Georgia, it would still be a burden for him to travel to Texas from his home in Ohio.  "If all of these witnesses were required to travel to the Eastern District of Texas, [Evercare] would likely incur significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work."  *In re Acer Am.*, 626 F.3d at 1255.

The *qui tam* Plaintiff, in contrast, has not pleaded any knowledge of or relation to the alleged false patent marking decisions and actions, and it is unlikely that any fact witness relevant to this dispute would reside in this District.  In fact, virtually all of the relevant witnesses for false marking claims are likely to be found in Georgia.  Thus, this factor strongly favors transfer to the Northern District of Georgia.

### b.  The location of relevant documents favors transfer

The location of relevant documents in this action also strongly favors transfer.  The vast majority of the documents relevant to this suit are located in Georgia.  (Stover Decl. ¶ 7.)  Although some courts have noted that shipping documents is easier today than it was in the past, both the Federal Circuit and the Fifth Circuit have made it clear that this factor is not thereby rendered superfluous.  *See In Re Acer Am.,* 626 F.3d at 1256 (finding the location of likely sources of evidence favored transfer)*; see also In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199

(Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d at 1321; *Volkswagen of Am.*, 545 F.3d at 316.  As with witnesses, the relevant documents for a false marking case are likely to be located with the defendant, rather than the *qui tam* plaintiff.  In false patent marking cases, as "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Nintendo Co., Ltd.*, 589 F.3d at 1199.  Thus, this factor strongly favors transfer.

### c.       The convenience of the parties favors transfer

The convenience of the parties also strongly favors transfer.  Evercare has its principal place of business in Georgia, and its witnesses and documents are located there.  (Stover Decl. ¶¶ 2, 7-9.)  It would be inconvenient, costly, and a business disruption for Evercare to be forced to try this suit in Marshall, Texas.  Flying its employee witnesses to Texas, with the attendant travel, food and lodging costs, would be significantly more expensive than litigating this action in Georgia.  In addition, the extended time required to transport witnesses would prevent these employees from working.

The *qui tam* Plaintiff is unlikely to have fact witnesses or documents that must be transported from Texas to Georgia.  Plaintiff would not be inconvenienced by a transfer.  In fact, Plaintiff is purporting to be stepping into the federal government's shoes to pursue this litigation.  (Compl. ¶¶ 9, 15, 44.)  Thus, the only persons who may be inconvenienced by a transfer would be Plaintiff's attorneys.  This, however, is not a relevant factor when determining whether a transfer should be made.  "The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."  *United States ex reI. Ondis v. City of Woonsocket*, 280 F. Supp. 2d 434, 437 (D. Mass. 2007).  In sum, it would be significantly more expensive and inconvenient for

Evercare to transport its witnesses and documents to Texas than for Plaintiff's attorneys to

occasionally travel to Georgia.  Therefore, this factor strongly favors transfer to the Northern

District of Georgia.

### d.     The locus of operative facts favors transfer

The locus of operative facts in this case is undoubtedly in Georgia.  The Complaint

alleges that Evercare marked its products with expired patent numbers with the intent to deceive

the public.  The accused products and their packaging were designed at headquarters in

Alpharetta, Georgia.  (Stover Decl. ¶ 5.)  In contrast, none of the operative facts occurred in

Texas.  (*Id*. ¶ 9.)  None of the alleged decisions to falsely mark occurred in Texas, and none of

the allegedly falsely marked products are produced, warehoused, or shipped from Texas.  (*Id*.)

Therefore, this factor strongly favors transfer to the Northern District of Georgia.

### 2.     The availability of compulsory process to secure the attendance of witnesses

Most of the likely witnesses are current Evercare employees.  (Stover Decl. ¶ 8.)  For the

products at issue, they include Evercare employees Ruth L. Moore (Sales Operations Manager);

David L. Stover (Chief Financial Officer for Evercare); Richard C. Linden (Creative Director);

and Jarrod T. Streng (Senior Director, Marketing).  (Stover Decl. ¶ 8.)

Any non-employee or former employee witnesses are likely to be found near Evercare's

headquarters in Alpharetta, Georgia, which is outside the subpoena power of this district.  Fed.

R. Civ. P. 45(c)(3); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333,1336 (Fed. Cir. 2009)

(considering location of non-party witnesses in relation to subpoena power of transferee court).

These non-party witnesses include persons with knowledge of the Pampers Cruisers on the Go,

Pampers Changing Kit, and Pampers Bibsters Disposable Bibs packaging design at The Procter

& Gamble Company; and Luke Snider, former Engineering Manager at Evercare (a potential

witness with knowledge of patent marking for the products at issue.).  (Murphy Decl. ¶ 9.)

These former employees are not within Evercare's control.  Evercare would be harmed by its

inability to present a full case if it is unable to procure their testimony by persuading them to

willingly travel to Texas.  In contrast, their testimony could be subpoenaed within the Northern

District of Georgia.  *Volkswagen of Am.*, 545 F.3d at 316 (finding the transfer is warranted when

"a proper venue that does enjoy *absolute* subpoena power for both depositions and trial--[here,

the Northern District of Georgia]--is available") (emphasis in original).  Therefore, this factor

thus strongly favors transfer.

### 3.      The cost of attendance for willing witnesses

Plaintiff appears to be a limited liability company formed for the purpose of filing false

marking lawsuits.[6]  Evercare is a corporation.  However, while this might normally be seen as

weighing against a transfer of venue, the circumstances of this action remove any such

presumption.  That is because in this *qui tam* action the entire burden of this litigation will be

borne by the defendant.  The witnesses and documents relevant to the elements of a false patent

marking violation are the defendant's witnesses and documents.  Evercare will therefore need to

bear the entire burden and expense of transporting and lodging the witnesses at the trial venue.

The Federal Circuit has applied the Fifth Circuit's "100-mile" rule in analyzing witness

travel in a patent case.  *See In re TS Tech USA Corp.*, 551 F.3d at 1320.  Under this rule, "when

the distance between an existing venue for trial of a matter and a proposed venue under

§ 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct

relationship to the additional distance to be traveled."  *Id*. (citing *In re Volkswagen AG*, 371 F.3d

201, 204-05 (Fed. Cir. 2004)).  As applied to the present case, the witnesses would need to travel

approximately 590 more miles to attend trial in Marshall, Texas than in the Northern District of

---

[6]     *See* Ex. 2.

Georgia. *See id*. (holding that district court's disregard of the 100-mile rule constitutes "clear error"). In considering travel costs, courts must also consider costs associated with the time these fact witnesses must be away from their regular employment. *See id*. In short, it would be unjust to impose significant costs on Evercare when these costs would not be incurred if venue was transferred. This is especially compelling where a change of venue would not materially increase Plaintiff's financial burden.[7] Therefore, this factor favors transfer.

### 4. All other practical problems that make trial of a case easy, expeditions and inexpensive

Evercare is not aware of any other practical problems that would prevent this case from being transferred to the Northern District of Georgia or factors that would make litigation in this district more expeditious or inexpensive than Georgia.

### C. The Public Interest Factors Favor Transfer

### 1. The administrative difficulties flowing from court congestion

When there are no perceived administrative difficulties or unique issues of Texas law at issue, this factor favors transfer. *MC Asset Recovery, LLC v. S. Co*., 339 B.R. 380, 383-85 (N.D. Tex. 2006). Here, Evercare is unaware of any administrative difficulties flowing from court congestion if the transfer occurs. Further, Evercare does not anticipate that Texas law will have any role in the outcome of any of the claims made in this case. Therefore, this factor strongly favors transfer to the Northern District of Georgia.

---

[7] A change of venue might increase the costs for Plaintiffs counsel to travel to Georgia for trial, but as noted above, counsel's location is not a relevant consideration; if these costs are prohibitive Plaintiff could obtain counsel in Georgia.

### 2.     The local interest in having localized interests decided at home

The allegations in this case do not involve Texas law, nor are the injuries allegedly uniquely suffered by any Texas citizen, let alone the Plaintiff.  Instead, Plaintiff is purporting to stand in the shoes of the government as a *qui tam* plaintiff.  The Federal Circuit has held that:

> While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there is are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.

*In re Acer Am.*, 626 F.3d at 1256.

This exact circumstance has been addressed in several other districts.  In *ERBE USA, Inc. v. Canady*, No. 06-1504, 2006 WL 3377981, at *2 (D.D.C. Nov. 21, 2006), a patent false marking case, the court held that the events giving rise to the false marking claims occurred where defendant was located.  The court accordingly transferred venue to that district. *Id*. In fact, the present false marking action presents an even stronger case for transfer because the plaintiff in *ERBE USA* was not a *qui tam* relator, but instead a competitor alleging personal injury from the alleged false marking.  *Id*. at *1.  Further, in *San Francisco Tech., Inc. v. Adobe Sys. Inc.*, No. 09-6083 (N.D. Cal. April 13, 2010) the court severed and then transferred each of the alleged false marking movants (a copy of the *San Francisco Tech.* order is attached as Ex. 4).  These cases hold that an allegation of false marking does not involve any local interest.  The same is true in this case because there are no local ties to the Eastern District of Texas.  Therefore, this factor strongly favors transfer.

### 3.     The familiarity of the forum with the law that will govern the case

A false patent marking action is governed by federal law, in particular Federal Circuit law.  Consequently, this factor is neutral and does not favor maintaining this case in Texas.  *In re TS Tech USA Corp.*, 551 F.3d at 1320.

        **4.**        **The avoidance of unnecessary problems of conflict of laws or in the application of foreign law**

Evercare is unaware of any unnecessary problems of conflict of laws or in the application of foreign law.  This factor is neutral.

In sum, both the private interest and public interest factors weigh in favor of transfer.  As the Federal Circuit has directed, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *See Nintendo*, 589 F.3d at 1198; *see also In re Volkswagen AG*, 371 F.3d at 205.  Here, a balancing of the factors overwhelmingly shows that the proper venue for this case is the Northern District of Georgia, and that this action should be transferred accordingly.

**V.**      **CONCLUSION**

For the foregoing reasons, The Evercare Company respectfully requests that the Court grant its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404, and that the action be transferred to the United States District Court for the Northern District of Georgia.

Dated:  March 30, 2011

Respectfully submitted,

/s/ Scott D. Sherwin
Jason C. White
Scott Sherwin
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Tel.: (312) 324-1000
Fax: (312) 324-1001
E-mail:  jwhite@morganlewis.com
E-mail:  ssherwin@ morganlewis.com

**ATTORNEYS FOR**
**THE EVERCARE COMPANY**

## CERTIFICATE OF CONFERENCE

Jason C. White, counsel for The Evercare Company, conferred with Scott E. Stevens, counsel for Plaintiff, regarding the relief requested in this Motion on March 28-30, 2011. Plaintiff opposes the relief requested in this Motion.

/s/ Scott D. Sherwin

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 30th day of March, 2011.

/s/ Scott D. Sherwin